**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SYNOVIA SOLUTIONS, LLC,**

**Plaintiff**

**vs.** **Case No.:**

**THE SCHOOL BOARD OF HERNANDO COUNTY, FLORIDA,**

**Defendant.**

_________________________________/

## COMPLAINT

Plaintiff, SYNOVIA SOLUTIONS, LLC, ("Synovia"), sues the defendant, THE SCHOOL BOARD OF HERNANDO COUNTY, FLORIDA (the "School Board") and alleges:

**Parties, Jurisdiction, and Venue**

1. Synovia is a limited liability company located in and doing business in Indiana, with a principal office in Marion County, Indiana. None of Synovia's members is a citizen of the State of Florida.

2. The School Board is a body corporate and governmental agency duly empowered by the Florida Constitution and the statutes of the State of Florida to operate, control and supervise the School District of Hernando County, Florida (the "District"). The School Board is the contracting agent for the District.

3. The School Board is a citizen of the State of Florida for purposes of federal diversity jurisdiction.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(1).

**General Allegations**

6. The District operates buses to transport students attending public schools within Hernando County.

7. Synovia is an information technology company that provides remote vehicle and driver activity fleet tracking services for a wide array of industries, such as public works and sanitation, public safety, distribution, and public and private childcare and education.

8. These services are accommodated through a cloud-based software platform, which Synovia maintains and operates as necessary to provide its customers with an instantaneous interface of data to monitor things such as student ridership, driver activity, vehicle performance, and maintenance needs.

9. Synovia provides these services in accordance with leasing and servicing agreements, pursuant to which it leases equipment such as GPS hardware and barcode readers to its customers and installs such equipment in its customers' fleet vehicles.

10. In addition to the instantaneous interface information that is available to its customers, Synovia also monitors the fleet data transmitted from its GPS hardware to its principal office, where it prepares and provides its customers with regularly scheduled data reports on fleet performance, activity, trouble signs, and maintenance needs.

11. On or about December 18, 2014, the School Board entered into a Municipal Synsurance Agreement and an Addendum to Synovia Service Level Agreement and Synsurance Agreement, true and correct copies of which are attached hereto as **Composite Exhibit A** (collectively the "Contract").

12. The Contract is a five (5) year rental and services agreement requiring four (4) separate annual payments of Seventy-Six Thousand Four Hundred Eight Dollars and 20/100 ($76,408.20) from the School Board to Synovia, due on the first day of the second through fifth years of the Contract's five-year term.

13. Pursuant to the Contract, Synovia agreed to install and did install GPS software and barcode readers owned by Synovia into a total of one hundred sixty-five (165) of the District's buses.

14. Pursuant to the Contract, Synovia agreed to provide, and has provided, the School Board with the aforementioned instantaneous cloud-based software interface and regularly scheduled data reports for the buses.

15. Despite Synovia's performance, the School Board has failed to make any payments due under the Contract, including the payments due on January 1, 2016 and January 1, 2017.

16. On August 3, 2016, the School Board sent notice purporting to terminate the Contract, notwithstanding Synovia's performance and the absence of any conditions for termination authorized under the Contract.

17. Due to its nonpayment and improper termination, the School Board is in default of its obligations under the Contract.

18. Upon default, Synovia is entitled to recover the full amount due under the Contract and has hereby accelerated the balance, making the entire remaining balance owed for the life of the Contract immediately due and payable.

19. Synovia has retained the law firm of Bush Ross, P.A. to prosecute this action and is obligated to pay a reasonable fee for its services.

## Count I – Breach of Contract

20. Synovia incorporates by reference the allegations contained in paragraphs 1 through 19 as of fully restated herein.

21. Synovia and the School Board entered into a valid, binding Contract.

22. Despite Synovia's performance, the School Board breached the Contract by failing to pay as agreed and improperly terminating the Contract.

23. Synovia has performed all conditions precedent to recovery from the School Board under the Contract, and Synovia has not excused the School Board's non-performance.

24. Synovia has suffered damages as a result of the School Board's breach and, under the Contract, is entitled to recover its damages, including the balance due for the remainder of the Contract, late fees, and its attorney's fees and costs.

WHEREFORE, Synovia requests entry of judgment against the School Board awarding its damages, together with interest, attorneys' fees, costs, and any further relief as may be just and proper.

DATED: March 16, 2017

BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
Facsimile: (813) 223-9620
*Counsel for Plaintiff, Synovia Solutions, LLC*

BY: ______________________
Brian T. McElfatrick, Esq.
Florida Bar No.: 0149950
Primary email: bmcelfatrick@bushross.com
Secondary email: ksalter@bushross.com
Bryan D. Hull, Esq.
Florida Bar No.: 20969
Primary Email: bhull@bushross.com
Secondary Email: lhoman@bushross.com